%AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

UNITED STATES OF AMERICA
v.
ANDREW RUSSELL TINSLEY

**JUDGMENT IN A CRIMINAL CASE**

FILED
APR 3 0 2013
MICHAEL E KUNZ, Clerk
By_____

Case Number: DPAE2:12CR000468-003
USM Number: 68682-066

Marc S. Fisher, Esq.
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)  1, 2, 5 32 and 33.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy. | 1-25-2012 | 1 |
| 18:1344 and 2. | Bank fraud and aiding and abetting. | 1-3-2012 | 2 |
| 18:1344 and 2. | Bank fraud and aiding and abetting. | 12-27-2011 | 5 |
| 18:1028A(a)(1),(c)(4)&2 | Aggravated identity theft and aiding and abetting. | 12-23-2011 | 32 |
| 18:1028A(a)(1),(c)(4)&2 | Aggravated identity theft and aiding and abetting. | 12-27-2011 | 33 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

cc
M. Fisher, Esq
K-T Newton, AUSA
US Probation (2)cc
US Pretrial (1)cc
US-MS (1)cc
Fiscal (1) cc
Pm (1) cc
S/T

April 29, 2013
Date of Imposition of Judgment

_Signature of Judge_

HON. CYNTHIA M. RUFE, USDJ EDPA
Name and Title of Judge

April 30, 2013
Date

DEFENDANT: Tinsley, Andrew Russell
CASE NUMBER: DPAE2:12CR000468-003

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

24 months on each of counts 1, 2 and 5, all terms to run concurrently to each other and 24 months on each of counts 32 and 33, to run concurrently to each other but consecutively to the sentence imposed on counts 1, 2 and 5, for a total term of 48 months.

X The court makes the following recommendations to the Bureau of Prisons:

The Court recommends defendant be credited with all time served while in custody on this matter, that defendant be designated to FMC Butner or a comparable institution where he may access intensive drug and alcohol treatment, receive an updated mental health evaluation and treatment and participate in the Bureau of Prisons Inmate Responsibility Program.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Tinsley, Andrew Russell
CASE NUMBER: DPAE2:12CR000468-003

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years on count 1, 5 years on each of counts 2 and 5 and 1 year on each of counts 32 and 33. All terms shall run concurrently to each other for a total term of 5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Tinsley, Andrew Russell
CASE NUMBER: DPAE2:12CR-000468-003

# SPECIAL CONDITIONS OF SUPERVISION

Defendant shall provide his probation officer with full disclosure of his financial records to include yearly income tax returns upon request. The defendant shall cooperate with his probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income, if requested.

Defendant shall not incur any new credit card charges or open additional lines of credit without the approval of his probation officer, unless he is in compliance with a payment schedule for any Court ordered restitution. Defendant shall not encumber or liquidate interest in any assets unless it is in direct service his Court ordered financial obligation or otherwise has the express approval of the Court.

Defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. Defendant shall submit to a substance abuse and mental health evaluation and/or treatment after receiving a recommendation by the U.S. Probation Department. Defendant shall abide by the rules of any program and remain in treatment until successfully discharged.

DEFENDANT: Tinsley, Andrew Russell
CASE NUMBER: DPAE2:12CR000468-003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ NONE | $ 11,008.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TD Bank<br>9000 Atrium way<br>Mount Laurel, NJ 08054 | $208.00 | $208.00 | 100% |
| PNC Bank<br>8800 Tinicum Boulevard<br>Philadelphia, Pa 19153 | $10,800.00 | 10,800.00 | 100% |
| **TOTALS** | $ 11,008.00 | $ 11,008.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Tinsley, Andrew Russell
CASE NUMBER: DPAE2:12CR000468-003

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The defendant's restitution obligation shall not be affected by any restitution payments made by any other indicted or unindicted co-conspirators, except no further payments shall be required after the sum of the amounts actually paid by all involved persons has fully satisfied this loss.

DEFENDANT: Tinsley, Andrew Russell
CASE NUMBER: DPAE2:12CR000468-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   F below; or

B X Payment to begin immediately (may be combined with ☐ C, ☐ D, or X F below); or

C Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

If defendant should become employed while incarcerated, than monies earned may be applied to his Court ordered financial obligation at a rate of no less than $25.00 per quarter. All remaining balances of Court ordered financial obligations shall become a condition of defendant's supervised release and paid at a rate of $50.00 per month to begin 60 days upon his release from incarceration.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Andrew Russell Tinsley (12-468-3) Aaron Parker (12-468-1) Shannon Glover (12-468-2) Jonathan Jones (13-45), all yet to be convicted, $208.00 (TD Bank) $10,800.00 (PNC Bank).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.